IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marcus Ingram, individually, | Civil Action No.: 4:15-cv-3755-BHH |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Maryland Fried Chicken, Inc., a South Carolina Corporation, | |
| Defendant. | |

This matter is before the Court on Defendant's motion to dismiss Plaintiff's Complaint. (ECF No. 8.) For the reasons set forth below, the motion is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Marcus Ingram ("Plaintiff") filed this action on September 20, 2015 pursuant to the American with Disabilities Act ("ADA"). (ECF No. 1.) Plaintiff alleges that Defendant Maryland Fried Chicken, Inc. ("Defendant" or "Defendant's restaurant") has discriminated and continues to discriminate against him by denying him full and equal enjoyment of its facility. (*Id.* at 3.) Specifically, Plaintiff alleges that Defendant's restaurant in Myrtle Beach, South Carolina contains architectural barriers that discriminate against him on the basis of his disability. (*Id.* at 1–3.) Plaintiff is a paraplegic and requires the use of a wheelchair for mobility. (*Id.* at 2.) Although Plaintiff resides in Atlanta, Georgia, he was raised in High Point, North Carolina, and has close friends and family members who reside in Lumberton, North Carolina. (*Id.* at 1–2.) According to

Plaintiff, he "has been going to Myrtle Beach and the surrounding area for approximately ten to fifteen years, approximately once a quarter, with his family and friends." (*Id.* at 2.) Plaintiff alleges that he has been to Defendant's restaurant "on numerous occasions prior to filing the subject lawsuit and plans to return to the property in the near future to avail him of the goods and services and the food and beverages offered to the public at the property." (*Id.*)

On February 5, 2016, Defendant moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, Defendant asserts that Plaintiff's allegations have failed to establish Article III standing. Plaintiff filed a response on March 7, 2016, and attached an affidavit providing further details concerning his patronage of Defendant's restaurant.[1] The Court has reviewed the briefing and the applicable law, and now issues the following ruling.

## STANDARD OF REVIEW

A Rule 12(b)(1) motion tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (emphasis omitted). A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479–80 (4th Cir. 2005). When considering a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) (quotation omitted); *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)

---

[1] The Court does not reach the issue of whether the affidavit can be considered because it has resolved the motion based on the allegations within the Complaint.

2

(quotation omitted). Plaintiff bears the burden of establishing that this court has subject-matter jurisdiction over his claims. *See, e.g., Steel Co.*, 523 U.S. at 104; *Evans*, 166 F.3d at 647; *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). However, "when a defendant asserts that the complaint fails to allege sufficient facts to support subject[-]matter jurisdiction, the . . . court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged [in the complaint and any additional materials]." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009).

A Rule 12(b)(6) motion "tests the legal sufficiency of [a] complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive such a motion, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). Still, Rule 12(b)(6) "does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Colon Health Centers of Am., LLC v. Hazel*, 733 F.3d 535, 545 (4th Cir. 2013) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). "A plausible but inconclusive inference from pleaded facts will survive a motion to

3

dismiss . . . ." *Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 30 (1st Cir. 2010) (Souter, J.).

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). To show that the plaintiff is "entitled to relief," the complaint must provide "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. In considering a motion to dismiss under Rule 12(b)(6), the Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009).

## DISCUSSION

### A.     Article III Standing

Article III of the Constitution restricts the subject matter jurisdiction of the federal courts to "cases" and "controversies." The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff establishes Article III standing by showing: (1) that the plaintiff has "'suffered an injury in fact—an invasion of a legally—protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;'" (2) "'a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of

4

the defendant, and not the result of the independent action of some third party not before the court;'" and (3) that it is "'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision'" from the court. *Chambers Med. Techs. of S.C., Inc. v. Bryant*, 52 F.3d 1252, 1265 (4th Cir. 1995) (alterations omitted) (quoting *Lujan*, 504 U.S. at 560–61). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. Because standing is "an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Id.*

The first element requires a plaintiff to "demonstrate an 'injury in fact' that is concrete and particularized, and actual or imminent, as opposed to conjectural or hypothetical." *Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 231 (4th Cir. 2008). When a plaintiff seeks injunctive relief, the alleged injury in fact must be more than past exposure to illegal conduct. *See, e.g., Lujan*, 504 U.S. at 564; *City of Los Angeles v. Lyons*, 461 U.S. 95, 102–06 (1983); *Suhre v. Haywood Cnty.*, 131 F.3d 1083, 1090–91 (4th Cir. 1997). Instead, the plaintiff must show a "real or immediate threat that [she] will be wronged again." *Lyons*, 461 U.S. at 111; *see O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) ("likelihood of substantial and immediate irreparable injury"). This requirement applies to plaintiffs seeking injunctive relief under the ADA. *See, e.g., Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 948–49 (9th Cir. 2011) (en banc); *Shotz v. Gates*, 256 F.3d 1077, 1081–82 (11th Cir. 2001); *Harty v. Luihn Four, Inc.*, 747 F. Supp. 2d 547, 551–52 (E.D.N.C. 2010), *aff'd*, 453 F. App'x 347 (4th Cir. 2011) (per curiam) (unpublished); *Tyler v. Kan. Lottery*, 14 F. Supp. 2d 1220, 1224–25 (D. Kan.

5

1998); *Aikins v. St. Helena Hosp.*, 843 F. Supp. 1329, 1333–34 (N.D. Cal. 1994). A plaintiff's mere intent to return to the place where the alleged injury first occurred "'some day[,]' . . . without any description of concrete plans, . . . do[es] not support a finding of the 'actual or imminent' injury that [Article III] require[s]." *Lujan*, 504 U.S. at 564; *see Lyons*, 461 U.S. at 101–07.

### B. Analysis

Here, Defendant argues that Plaintiff cannot establish the requisite standing because he has failed to allege facts demonstrating that he suffered an injury in fact. (ECF No. 8-1 at 1.) Citing a factor-based test followed by many federal courts, Defendant argues that Plaintiff cannot demonstrate more than a speculative intent to return to Defendant's restaurant. (*Id.* at 6–7.) Plaintiff asserts that he can establish standing and need only do so in accordance with the elements outlined in *Lujan*. (ECF No. 14 at 4–5.) In support, Plaintiff cites an unpublished decision from the Fourth Circuit, *Daniels v. Arcade, L.P.*, 477 F. App'x 125, 129 (4th Cir. 2012) in which the court declined to use the factor-based test to assess whether the plaintiff suffered an injury in fact. The court found that "the use of this type of analysis in some cases . . . overly and unnecessarily complicates the issue at hand." *Daniels*, 477 F. App'x at 129. The court instead looked to the *Lujan* elements and found that the plaintiff had plausibly alleged that there was a likelihood that he would suffer future harm. *Id.* at 129–130. Plaintiff notes that courts in other jurisdictions have also declined to use to the factor-based test to determine whether a plaintiff suffered injury in fact and argues that this Court should take a "broad

view" in its analysis. (ECF No. 14 at 9.) However, Plaintiff contends that he can also demonstrate injury in fact under the factor-based test if so used by this Court. (*Id.* at 14.)

Courts have used the factor-based test espoused by Defendant to assess the credibility of a plaintiff's intention to return to the defendant's place of public accommodation. *See*, *e.g.*, *Norkunas v. Park Rd. Shopping Ctr., Inc.*, 777 F. Supp. 2d 998, 1002 (W.D.N.C. 2011), *aff'd*, 474 F. App'x 369 (4th Cir. 2012); *Equal Rights Ctr. v. Abercrombie & Fitch Co.*, No. 767 F. Supp. 2d 510, 515–16 (D. Md. 2010); *Small v. Gen. Nutrition Cos.*, Inc., 388 F. Supp. 2d 83, 89–90 (E.D.N.Y. 2005). This assessment is helpful to a court's ultimate determination of whether a plaintiff has indeed suffered an injury-in-fact. The factors to be considered include: "(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definiteness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel." *See*, *e.g.*, *Norkunas*, 777 F. Supp. 2d at 1002.

As Plaintiff notes, the Fourth Circuit expressly refused to endorse this factor-based test in *Daniels* and instead looked to the plaintiff's allegations to determine whether plaintiff sufficiently alleged that he had suffered an injury that was "concrete and particularized" as well as "actual or imminent." 477 Fed. App'x at 129. Notably, the allegations set forth in *Daniels* differ from those in the instant matter. In *Daniels*, the plaintiff brought an ADA action against the defendant's market, alleging that: (1) he lives only 20 miles from the market; (2) he "regularly visits" there; and (3) he "intends to continue to visit the [market] in the future for his shopping needs." *Id.* at 127–130. Here, Plaintiff's connection to Defendant's restaurant is less obvious and, therefore, the Court

7

finds the factors highlighted above are helpful to determine whether plaintiff's assertions that he intends to return to Defendant's restaurant are credible. *See Nat'l All. for Accessibility, Inc. v. Mehta, LLC*, No. CIV.A. 3:12-1963-MBS, 2012 WL 6186334, at *2 (D.S.C. Dec. 12, 2012) (using factor-based test to analyze standing in ADA action post-*Daniels*).

Here, Plaintiff resides in Georgia, about 362 miles away from Defendant's restaurant in Myrtle Beach, South Carolina. However, Plaintiff alleges that he has close friends and family who live in Lumberton, North Carolina, which is about 80 miles away from Myrtle Beach. According to Plaintiff, he "has been going to Myrtle Beach and the surrounding area for approximately ten to fifteen years, approximately once a quarter, with his family and friends." (ECF No. 1 at 2.) Thus, while Plaintiff does not reside in close proximity to Defendant's restaurant, it appears that Plaintiff regularly visits Myrtle Beach with his family and friends, who live much closer to the area.

Defendant argues that Plaintiff's allegations of proximity are similar to those made in another case in this district, in which the court dismissed the plaintiff's ADA claims for lack of standing. In *Harty v. Burlington Coat Factory of S.C., LLC*, No. CIV.A. 3:11-1138-MBS, 2012 WL 264688, at *4 (D.S.C. Jan. 30, 2012), the plaintiff, a Florida resident, brought an ADA action against the defendant's store located "hundreds of miles away" in Columbia, South Carolina. Noting this distance, the court found that plaintiff's allegation that he "visits South Carolina often on business and plans to continue to visit South Carolina in the future" did not establish a plausible reason to infer that he is likely to return to the store in the near future. The Court noted that the plaintiff did not state that

he frequently visits Columbia, indicating that the court would have altered its finding if the plaintiff had alleged that he frequently visits the specific town where the store is located. Here, Plaintiff has alleged that he regularly visits Myrtle Beach, the town in South Carolina where Defendant's restaurant is located. Thus, Plaintiff has made a key allegation expressly found wanting in *Harty*, rendering the case inapplicable here. The Court finds that Plaintiff's distance from Defendant's restaurant does not preclude the presence of standing given the allegations in his Complaint.

For example, Plaintiff also alleges he has visited Defendant's restaurant "on numerous occasions" prior to bringing this action. In addition, Plaintiff alleges that he "plans to return to the property in the near future to avail him of the goods and services and the food and beverages offered to the public at the property." While Plaintiff fails to allege a specific date, event, business interest, or other occasion that would bring him to Defendant's restaurant, his allegations, when construed in a light most favorable to Plaintiff, indicate a reasonable likelihood that Plaintiff will return. *See Norkunas v. Seahorse NB, LLC*, 720 F. Supp. 2d 1313, 1318 (M.D. Fla. 2010) (finding that "standing should not be denied to a plaintiff seeking relief under the ADA merely because he cannot produce evidence of a specific date and time to return"). Plaintiff's stated intent to visit Defendant's restaurant in the near future is plausible given that he has visited Myrtle Beach regularly for the past ten to fifteen years. Accordingly, the Court finds that the above factors weigh in favor of finding Plaintiff has credibly alleged his intent to return to Defendant's restaurant.

Defendant also argues that Plaintiff's status as a "tester" and his extensive litigation history weighs against finding standing here.[2] Plaintiff alleges that he is "both a bona fide purchaser and a tester." (ECF No. 14 at 5.) Plaintiff has indeed filed over one hundred ADA discrimination cases across the United States. However, Defendant has not submitted any evidence that these prior suits were frivolous. *See Daniels*, 477 F. App'x at 130 (declining to consider plaintiff's prior ADA litigation history where "there is no indication in the record that either of these two lawsuits was held to have been frivolous"). While it is somewhat incredulous that Plaintiff intends or intended to visit all of the places involved in his prior lawsuits, the Court does not find that such an extensive litigation history precludes finding standing here.[3] Indeed, "numerous courts have rejected the notion that test plaintiffs, or other serial litigants, forfeit their own standing to sue for discrimination in Title III accessibility cases." *Klaus v. Jonestown Bank & Trust Co. of Jonestown, PA*, 2013 WL 4079946, at *7 (M.D. Pa. Aug. 13, 2013) (citing *Access For The Disabled, Inc. v. First Resort, Inc.*, 2012 WL 2917915, at *3 (M.D. Fla. July 17, 2012) ("[W]hether [the plaintiff] is an ADA 'tester' does not preclude her standing in this case."); *Harty v. Burlington Coat Factory of Pa., L.L.C.*, 2011 WL 2415169, at *8 (E.D. Pa. June 16, 2011) (finding that for purposes of standing, the plaintiff's allegations regarding his business connections to the area and his plan to return were more significant than the fact that the plaintiff had filed more than 200 ADA lawsuits); *Access 4 All, Inc. v. Absecon Hosp. Corp.*, 2006 WL 3109966, at *7 (D.N.J. Oct. 30, 2006)

---

[2] In ADA litigation, "a tester is a qualified individual with a disability who is testing an entity's compliance with federal disability statutes." *Judy v. Pingue*, 2009 WL 4261389, at *5 (S.D. Ohio Nov. 25, 2009).

[3] In a case Plaintiff filed along with the Disabled Patriots of America, Inc. in another jurisdiction, the court appreciated "Defendant's concerns about Plaintiffs' litigation history[,]" but found that "the fact that Plaintiffs have litigated other ADA claims does not bar them from the Court." *Disabled Patriots of Am., Inc. v. Gwinnett Point SC, LLC*, 2007 WL 4289686, at *1 (N.D. Ga. Dec. 3, 2007).

("Indeed, because Plaintiff Esposito is a frequent litigant with the stated goal of ensuring ADA compliance, his claim of intent to return to the Hampton Inn to do additional examinations is made more, not less, credible.")).

In sum, assuming that Plaintiff's allegations are true and construing all inferences in his favor, the Court finds that Plaintiff has sufficiently alleged facts establishing an injury in fact. Accordingly, the Court finds that Plaintiff has standing to pursue, and this Court has jurisdiction to adjudicate, the claims alleged in the Complaint.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's motion to dismiss (ECF No. 8) is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
June 30, 2016